IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SCOTT N. CARLSON,<br><br>Plaintiff,<br><br>-v-<br><br>DYNCORP INTERNATIONAL, LLC,<br><br>Defendant. | Civil Action No. 1:13-CV-00751 |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 32). Plaintiff has opposed the motion (Dkt. No. 36) and Defendant has replied (Dkt. No. 37). This Court has reviewed the amended complaint and subsequent pleadings in this matter and, finding that Plaintiff's second amended complaint has failed to state a claim, grants Defendant's motion to dismiss.

To establish a prima facie claim for retaliation under Section 3730(h) of the False Claims Act, a plaintiff must demonstrate that "(1) he took acts in furtherance of a *qui tam* suit; (2) his employer knew of these acts; and (3) his employer [took adverse action against] him as a result of these acts." *Mann v. Heckler & Koch Defense, Inc.*, 630 F.3d 338, 343 (4th Cir. 2010). After the FERA amendments "substantially broadened" the scope of activities that qualify as "protected" under the False Claims Act, *Young v. CHS Middle East, LLC*, No. 1:13-cv-00585, 2013 WL 4498680, at *6 (E.D. Va. Aug. 20, 2013), acts "in furtherance of a *qui tam* suit" are not limited to the actual filing of a suit. Rather, protected activity also includes "efforts to stop 1 or more violations" of the FCA. 31 U.S.C. § 3130(h)(1). Although an employee's investigation is protected regardless of the ultimate guilt or innocence of the employer, the investigation *must*

concern false or fraudulent claims for payment to the government, or it is not protected activity under the False Claims Act. *Eberhart v. Integrated Design & Constr.*, 167 F.3d 861, 868 (4th Cir. 1999).

In his complaint, Plaintiff alleges that over a period of several months he persistently raised his objection to what he perceived as the suspicious billing of overhead time to a "Zimbabwe Unbillable Code" by urging colleagues to "fix this now to get legally compliant," complaining to his supervisors in person, mentioning his objection in a memorandum, and also raising it in a meeting with DynCorp's general counsel. In its motion to dismiss, DynCorp argues that, at most, Carlson reported a potential mischarging that does not rise to the level of a false claim for payment to the government, and therefore falls outside the coverage of the False Claims Act. DynCorp argues that Plaintiff's efforts to get DynCorp in compliance with his personal understanding of the Cost Accounting Standards relate only to an internal billing practice, which had not led to (and would at no point lead to) a false or fraudulent claim being made against the U.S. government.

The Fourth Circuit has held that "to pass muster under the distinct possibility standard, a plaintiff must be investigating 'matters that reasonably could lead to a viable FCA action.'" *Glynn v. EDO Corp.*, 710 F.3d 209, 215 (4th Cir. 2013) (*quoting Eberhart*, 167 F.3d at 869). While Plaintiff need not *prove* an FCA violation to proceed with a retaliation claim, he must present evidence that Dyncorp actually had made or would make a false claim against the government as a result of the use of the Zimbabwe Unbillable Code. Plaintiff has not presented evidence that any government contract was affected by the Zimbabwe Unbillable Code, or of any way in which this billing practice led to a false claim for payment against the government.[1] In his

---

[1] Importantly, a billing practice that is wrongful, "raise[s] eyebrows," or even violates the Cost Accounting Standards does *not* imply a violation of the False Claims Act unless it affects actual payments by the government.

second amended complaint, Plaintiff focuses on Dyncorp's bid for business with the U.S. Agency for International Development ("USAID bid") and alleges that Dyncorp used the Zimbabwe Unbillable Code to hide indirect costs associated with the bid in order to put itself in a more competitive position. However, even taking each of Plaintiff's factual allegations as true, he still has not alleged that DynCorp falsely or fraudulently billed any expenses to the government in connection with the USAID bid or the Zimbabwe Unbillable Code.

Based on the facts set forth by Plaintiff in each of his complaints, this Court finds that the possibility of an FCA violation resulting from Dyncorp's billing practice was too speculative to bring Mr. Carlson's activity within the protection of the False Claims Act. Although Plaintiff correctly argues that the FERA amendments expanded the definition of "protected activity" in FCA retaliation claims, the amended statute does not dispense with the requirement that plaintiffs actually allege a fraudulent or false claim against the government. As in *Mann*, "there was no reasonable possibility that his efforts could lead to a viable FCA action." 630 F.3d at 345. Therefore, because Plaintiff has failed to establish each of the elements of a prima facie claim for retaliation under the False Claims Act, it is hereby **ORDERED**:

1. Defendant DynCorp's Motion to Dismiss (Dkt. No. 32) is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**.

/s/
Liam O'Grady
United States District Judge

February 28, 2014
Alexandria, Virginia

---

*See, e.g., McNerney v. Lockheed Martin Operations Support*, No. 10-0704, 2012 U.S. Dist. LEXIS 81200, at *18-21 (W.D. Mo. June 12, 2012).